OSRO SHIRK, Appellee, vs. THE CHICAGO AND EASTERN
ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. MASTER AND SERVANT—*question as to whether man who gave orders was the foreman is a question of fact.* Whether the man under whose orders plaintiff was acting in assisting to load a flat-car with bridge piles was the foreman in charge of the work is a question of fact for jury, where the evidence on that point is in conflict.

2. SAME—*when a servant does not, as a matter of law, assume risk of defect.* A servant does not, necessarily and as a matter of law, assume the risk of danger from the breaking of a rope used in loading bridge piles on a flat-car, where the rope was an inch manila rope with which the servant had not worked before, and where the only showing of its defective condition was that it had been used and appeared to be old and had broken once before that day.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding.

This was an action brought by appellee to recover damages for personal injuries received by him while in the employ of appellant. The declaration contained three counts. The first and second charged that the appellee was injured while assisting in loading piling on a car, that he was inexperienced in that kind of work, and that he was injured in consequence of and while obeying a negligent or wrongful command of appellant. The third count charged that the injury resulted from negligence on the part of appellant in knowingly furnishing unsafe and defective appliances with which the work was required to be done by appellee. The case was tried by a jury and resulted in a verdict and judgment for $1250. An appeal was taken to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed, and appellant brings the case to this court by further appeal.

Appellee was injured June 19, 1906, while working as a member of a bridge crew of appellant in loading bridge piling upon a flat-car at a point on appellant's road about a half mile south of St. Elmo, Illinois. The piling consisted of about a dozen poles, which were lying at the foot of an embankment near the track and parallel with the car, and were loaded by being rolled over skids which extended from the edge of the top of the embankment to the top of the car. The embankment was about eighteen feet high. An inch manila rope about one hundred and forty feet long, called "the main line," was used to raise the poles to the car. One end of it was fastened to a stake on the opposite side of the car and near the center. The other end was passed down the embankment, around the pole and brought back to the stake in the car, and, passing over a pulley fastened thereto, was attached to a locomotive south of the car. The locomotive was not attached to the car. At signals given to the engineer by the conductor the engine would move forward and pull the pole up the embankment and over the skids to the top of the car, and the pole would be placed in position by members of the crew at each end of the car. One end of the pole was larger than the other, and in order to keep the pole straight while going over the skids, so that both ends would reach the car at the same time, what is known as a "tag line" was used. This was a smaller rope about seventy-five feet long, one end of which was attached to the north end of the car and the other passed under and around the big end of the pole and back to the deck of the car and was held by the men on the north end of the car. As the pole approached the car the loose end of the tag line passed through the hands of the men holding it and fell in a coil upon the deck of the car. There was no particular strain on the tag line, as it was used only for the purpose of keeping the pole straight. The appellee and another employee were directed to take

charge of the tag line. As the last pole was being loaded, and while it was being rolled up the skids, near the top the main line broke and the pole rolled back to the ground. The weight of the pole being thrown on the tag line it ran out rapidly, and in doing so appellee's left foot and leg became entangled in the line and he was jerked off the car and injured.

C. L. V. MULKEY, (HOMER T. DICK, of counsel,) for appellant.

COURTNEY & HELM, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant contends the trial court erred in denying its motion to direct a verdict in its favor. It concedes that the evidence was conflicting on the question as to whether the rope was defective and as to whether appellee was guilty of contributory negligence, and that the judgment of the Appellate Court is final upon those questions, but contends that appellee, at the time he was injured, was not acting under a command or order of a foreman of appellant who had charge of the work of loading the car and authority to direct, order and control the plaintiff and others under his charge, as alleged in the first and second counts; also, that the facts relied on by appellee to support the third count of the declaration, that the rope was defective and unsafe, were known to him before the accident occurred, and he must therefore be held, as a matter of law, to have assumed the risk of injury thereby.

On the question whether Lyansapp, by whom appellee claims he was ordered to do the work in the manner he was doing it at the time of the injury, was in control of the car and was acting as the representative of appellant in directing the work, the evidence was conflicting. Appel-

lant's testimony tended to show that a man by the name of Scurlock was foreman. Appellee's evidence abundantly tends to show that the work was directed and all orders given the men by Lyansapp and that Scurlock worked with the crew but gave no orders. Whether Lyansapp was foreman was a question of fact, which was properly submitted by the trial court to the jury and is not now subject to review by us.

The proof shows the rope which was attached to the engine broke once the same day and before appellee was injured. One of the workmen spoke to Lyansapp about it and suggested using another and newer rope they had. Lyansapp replied he thought it was strong enough and that he did not have time to make the change; that he was anxious to get the work done and get out of the way of a passenger train which was soon due to pass. He told the men that if they did not hurry they would not get the work done in time to get out of the way of this passenger train, and ordered them to go ahead. The rope was a manila rope one inch in diameter. The only proof of its defective condition was that it appeared to be old and to have been used considerably and the fact that it had broken once that morning. Appellee had not worked with it before, and there is no evidence that he had ever seen it until it was put in use that morning. He had only begun work with that crew the day before he was injured. There is no substantial ground for appellant's contention that the trial court should have directed a verdict in its favor because under the evidence, as a matter of law, it must be held that appellee assumed the risk of injury from the defective rope. *Swift & Co.* v. *O'Neill,* 187 Ill. 337; *Springfield Boiler Co.* v. *Parks,* 222 id. 355; *Chicago, Rock Island and Pacific Railway Co.* v. *Rathneau,* 225 id. 278; *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak,* 148 id. 573; *Illinois Steel Co.* v. *Schymanowski,* 162 id. 447; *Offutt* v. *World's Columbian Exposition,* 175 id. 472.

No substantial error was committed by the trial court and no prejudice resulted to appellant from its rulings in giving, refusing and modifying instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*